WILLIAM L. McCASLIN (State Bar No. 249976)
McNAMARA, DODGE, NEY, BEATTY, SLATTERY,
PFALZER, BORGES & BROTHERS LLP
639 Kentucky Street, First Floor
Fairfield, CA 94533
Telephone: (707) 427-3998
Facsimile: (707) 427-0268

LAW OFFICES OF GENE A. FARBER
GENE A. FARBER, ESQ. (SBN 44215)
genefarber@gmail.com
4258 Twenty Sixth Street
San Francisco, CA 94131
Telephone: (415) 956-1800
Facsimile: (415) 282-4228

Attorneys for Plaintiff Geneva Lima

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LIMA | Case No. 2:08-cv-00271-FCD-JFM |
| Plaintiff, | STIPULATION AND ORDER FOR DISMISSAL OF ENTIRE ACTION |
| vs. | |
| OPPERUD, et al. | |
| Defendants. | |
| AND RELATED THIRD PARTY ACTION. | |

Pursuant to the Settlement Conference held on August 6, 2010, in Courtroom 25 of the above-referenced Court Plaintiff, Geneva Lema and Cross-Defendant Clyde Lema, through their attorney, Gene A. Farber, and Defendants and Cross-Complainants Richard and Dorothy Opperud, through their attorney, William L. McCaslin hereby stipulate that this action shall be dismissed forthwith with prejudice.  This dismissal is stipulated to by the parties in consideration for the terms agreed upon at the aforementioned settlement

Case No. 2:08-cv-00271-FCD-JFM
STIPULATION AND ORDER FOR DISMISSAL OF ENTIRE ACTION

1

conference, memorialized in the Compromise and Mutual Release Agreement attached hereto as Exhibit "A".

Dated: October 29, 2010

IT IS HEREBY SO STIPULATED

_____
GENE A. FARBER
Attorney for Plaintiff and Cross-Defendant

Dated: October 29, 2010

_____
WILLIAM L. MCCASLIN
Attorney for Defendant and Cross-Complainant

IT IS SO ORDERED.

Dated:  November 1, 2010

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE

Exhibit A

## COMPROMISE AND MUTUAL RELEASE AGREEMENT

WHEREAS, on or about January 29, 2008, plaintiff Geneva Lema filed an action in the United States District Court, Eastern District of California, Action No. 2:08-CV-00271-FCD-JFM against defendants Carl D. Opperud and Dorothy J. Opperud seeking recovery for statutory damages, attoneys' fees, and legal costs arising out of an alleged access barrier violation of the Americans With Disabilities Act and California Civil Rights Acts occurring on or about March 5, 2006.

WHEREAS, defendants deny any liability to the plaintiff in any sum whatsoever on account of the claims and actions alleged in the plaintiff's complaint, and;

WHEREAS, the parties, without any admission of fault, liability or responsibility, desire to accomplish an amicable, economical and early compromise resolution of the disputes which presently exist between them, including those raised in the Complaint and Cross-Complaint noted herein. The parties are as follows:

> Geneva Lema (hereinafter referred to as the "undersigned," and/or "plaintiff"), her attorneys, Timothy S. Thimesch and Gene A. Farber and any lienholders of which defendants/releasees have notice; and

> Dorothy J. Opperud (hereinafter referred to as the "undersigned," and/or "defendant" and/or "third party plaintiff"), her attorneys, McNamara, Ney, Beatty, Slattery, Borges & Brothers, LLP and any lienholders of which plaintiffs/releasors have notice; and

> Clyde Lema (hereinafter referred to as the "undersigned," and/or "third party defendant,") his attorneys, Timothy S. Thimesch and Gene A. Farber.

THEREFORE, FOR AND IN CONSIDERATION of the covenants and conditions herein, and a valid draft in the total sum of Ten Thousand Dollars and No/100 ($10,000.00) payable to: Dorothy J. Opperud and McNamara, Ney, Beatty, Slattery, Borges & Brothers, LLP, her attorneys of record, the property located at 730 Taylor Street, Fairfield, California shall be deeded to plaintiff Geneva Lema within ninety (90) days from the date of this release.

Receipt of which is hereby acknowledged, and in further consideration of the execution of a dismissal with prejudice, each party to bear their own costs, the undersigned hereby release and forever discharge:

> Dorothy J. Opperud and Carl D. Opperud,

> Geneva Lema,

> Clyde Lema, and

> Fernando Thomas and Marie Thomas dba New Covenant Worship Ministries (hereinafter referred to as "third party defendant"),

all of their successors, assigns, heirs, spouses, parents, directors, officers, employees, agents, attorneys and insurers from any and all claims, demands, injuries, liabilities, losses, damages, costs, fees (including without limitation, attorneys fees and legal costs), expenses, and causes of action (whether known or unknown), including all personal injuries, property damage, economic loss, or any other damages of any kind whatsoever arising out of or in connection with the matters referred to in the complaint filed by the plaintiff in the United States District Court, Eastern District of California, Action No. 2:08-CV-000271-FCD-JFM.  The aforementioned consideration from said defendants and third party defendants are accepted in full satisfaction of all claims for loss, damages or compensation (whether present or future) against defendants and third party defendants arising out of said acts and activities, or the events surrounding them.

In releasing and dismissing the above-noted persons and entities, plaintiff hereby agrees, covenants and warrants as follows:

1. All causes of action arising out of the above-referenced incident, including Action No. 2:08-CV-000271-FCD-JFM filed by plaintiff and the cross-complaint filed by defendants in the United States District Court, Eastern District of California, are hereby abandoned and dismissed with prejudice.  Plaintiff and cross defendants authorize their attorneys to sign and file with the court a dismissal of said action in its entirety against all parites, with prejudice, each party to bear their own fees and costs.

2. The parties and entities herein released deny any and all liability or responsibility for the others' claims and demands.  Such liability and responsibility being disputed, this is a final compromise and settlement release which shall never be construed or asserted as an admission of liability or wrongdoing.

3. Plaintiff and cross-complainants shall forever refrain from prosecuting, initiating, maintaining or pressing any action, suit or claim based on any of the matters set forth in the complaint or cross-complaint and/or referred to herein.

4. Plaintiff and cross-complainants have the exclusive right to prosecute and compromise the claims released herein by this agreement, none of the claims having been sold, consigned, conveyed or otherwise transferred or subrogated.

5. This is a full and final release and compromise which shall apply to all unknown, unanticipated and undisclosed claims, injuries, or damages resulting out of the incident referred to in the above-noted complaint or cross-complaint.  Plaintiff and cross-complainants hereby expressly waives all rights and benefits to which they may be entitled pursuant to the provisions of Section 1542 of the California Civil Code, which provides as follows:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

6. Plaintiff hereby authorizes the defendants to deed the property located at 730 Taylor Street, Fairfield, California to plaintiff within ninety (90) days of this release by grant deed with warranty of title and free of all incumbrences, taxes, liens, debts, deeds of trusts, or

2

any and all other obligations. Plaintiff further authorizes the delivery of said property and hold defendants harmless from any and all liability for said property due to any act or omission subsequent to the delivery of the property to plaintiff. Plaintiff agrees that all costs and attorneys fees incurred by her as a result of prosecuting her claim against defendants shall be paid and satisfied from the settlement. Upon completion of the deed of the property located at 730 Taylor Street, Fairfield, California, plaintiff hereby agrees to pay defendant Dorothy J. Opperud the sum of $10,000.00.

7. Plaintiff and cross-complainants have carefully read and understands the contents of this compromise and release agreement, having been fully advised by their respective attorneys as to each provision herein, and the effect thereof. Having fully considered the ramifications of signing this agreement, plaintiff has willfully, without compulsion, signed and entered into this agreement.

8. The obligations and terms of this agreement are binding upon plaintiff and cross-complainants, their heirs, children, parents, assigns, executors, administrators, successors-in-interest, subrogees, insurers, lien holders, and all other persons or entities who may take any interest through them in the matter herein released.

9. Any right, claim or lien of a third party to any proceeds arising out of this action, whether an attorney's lien, medical care or provider lien, hospital lien, workers' compensation lien, insurers lien or right of reimbursement, employers lien or right of reimbursement, Medi-Cal lien, Medi-Care lien, Armed Services lien, government lien or any other lien of any kind, shall be satisfied by plaintiff from the settlement proceeds being paid pursuant to this agreement. Plaintiff assumes full responsibility and liability for settlement of any and all such third-party rights, claims or liens out of said settlement proceeds, and will hold defendant harmless and defend defendant from and against all lien claimants and lienholders.

10. Defendants represent that they have good and marketable title to the property being transfered pursuant to this agreement and that such title is free of all defects and incumbrences of any kind whatsoever. Otherwise, defendants have not made any statement or representation to plaintiff or her attorney regarding any fact which has been relied upon by plaintiff in entering into this agreement. Plaintiff has not relied upon any statement, representation or promise of defendants, or any other of her agents or attorneys, other than those that are expressly contained herein. The parties hereto and their attorneys have made their own independent investigation of the facts pertaining to the matters herein released.

11. The terms of this agreement are contractual, and not merely recital. They are the result of negotiation among the parties.

12. This agreement constitutes the entire agreement between the undersigned persons and parties. It integrates and supersedes all prior understandings or agreements with respect to the subject matter herein addressed. This agreement may not be altered, amended or modified except by a writing duly executed by plaintiff and defendants.

13. A. In the event that plaintiff has assigned or transferred any aspect of her rights, title or interest to any of the claims or demands made against the defendants in the above-noted

3

By: _____*[signature]*_____  Dated: 9/15/2010
Dorothy J. Opperud, defendant

## ATTORNEY CERTIFICATE

The foregoing release was executed in my presence and under my direction and advice. It was explained to plaintiff that the release included all unknown and unanticipated damages, as well as any damages already known to plaintiff. Plaintiff has signed this release acknowledging that he/she understands the terms of the release agreement, and that it includes all unknown and unanticipated damages.

By: _____/s/_____  Dated: _____
Timothy S. Thimesch, Esq.
Attorney for Plaintiff

By: _____  Dated: _____
Gene A. Farber, Esq.
Attorney for Plaintiff

By: _____*[signature]*_____  Dated: 10/29/10
William L. McCaslin, Esq.
Attorney for Defendant

5

_____
Dorothy J. Opperud, defendant

## ATTORNEY CERTIFICATE

The foregoing release was executed in my presence and under my direction and advice. It was explained to plaintiff that the release included all unknown and unanticipated damages, as well as any damages already known to plaintiff. Plaintiff has signed this release acknowledging that he/she understands the terms of the release agreement, and that it includes all unknown and unanticipated damages.

By: _____ Dated: _____
Timothy S. Thimesch, Esq.
Attorney for Plaintiff

By: ___*[signature]*_____ Dated: _Sept 21, 2010_
Gene A. Farber, Esq.
Attorney for Plaintiff

By: _____ Dated: _____
William L. McCaslin, Esq.
Attorney for Defendant

complaint, or fails to pay any outstanding lien, and any such claim, right or demand is asserted against the defendants or defendants' attorneys (and/or any of their successors) by any person or entity who is the assignee, transferee or lienholder of such claim, right or demand, then plaintiff shall fully indemnify, defend and hold harmless defendants or defendants' attorneys (and any of their successors) or any other releasee against whom such claim, right or demand is asserted, from and against all such claims, rights and demands (including costs and attorneys fees), expenses, damages, losses and other liabilities that the defendants, or defendants' attorneys (and/or their successors) incur as a result of the assertion of such claims, rights or demands.

14.   B.   In the event that defendants or cross-complainants have assigned or transferred any aspect of their rights, title or interest to the property to be transferred pursuant to this agreement or to any of the claims or demands made against the cross-defendants in the above-noted complaint, or fails to pay any outstanding lien, and any such claim, right or demand is asserted against the defendants or defendants' attorneys (and/or any of their successors) by any person or entity who is the assignee, transferee or lienholder of such claim, right or demand, then defendants and cross complainants shall fully indemnify, defend and hold harmless plaintiff or plaintiffs' attorneys (and any of their successors) or any other releasee against whom such claim, right or demand is asserted, from and against all such claims, rights and demands (including costs and attorneys fees), expenses, damages, losses and other liabilities that the plaintiff, or plaintiff's attorneys (and/or their successors) incur as a result of the assertion of such claims, rights or demands.

15.   In the event that any action, suit, motion, or other proceeding is instituted to remedy, prevent, or obtain relief from a breach of this agreement, or the covenants, conditions, warranties and promises herein, the prevailing party shall recover attorneys fees and costs incurred in connection with such action, suit, motion or other proceeding, including any and all appeals or petitions therefrom.

16.   In the event any provision of this agreement shall be held to be void, voidable or unenforceable, the other provisions shall remain in full force and effect;

17.   This agreement shall be construed in accordance with, and governed by, the laws of the State of California.

18.   In releasing and dismissing the above-noted persons and entities, defendant Dorothy Opperud hereby agrees, covenants and warrants as follows: All causes of action arising out of the above-referenced incident, including Action No. 2:08-CV-000271-FCD-JFM filed by plaintiff in the United States District Court, Eastern District of California, are hereby abandoned and dismissed with prejudice, including any cross-complaint or complaint for indemnity.

By: _____   Dated: _September 21, 2010_
    Geneva Lema, plaintiff

By: _____   Dated: _9/21/10_
    Clyde Lema

4